# Pence *v.* Poet, Appellant.

*Practice, C. P.—Affidavit of defense—Reinstating rule.*

Where the plaintiff, in order to accelerate the trial of the case has the court discharge his rule for judgment for want of a sufficient affidavit of defense, and thereafter the defendant rules the case out for arbitration in order to keep it off the trial list, the court may in its discretion grant a second rule for judgment.

Argued April 20, 1908.　Appeal, No. 208, Jan. T., 1907, by defendant, from order of C. P. Blair Co., March T., 1907, No. 238, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Charles A. Pence and Cary A. Swisher, trading and doing business as Pence & Swisher, v. Philip W. Poet.　Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ.　Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

BELL, P. J., filed the following opinion:

Plaintiffs' attorney, on his own motion, before argument of the first rule for judgment, had said rule marked discharged in order to place the case on the trial list.　Defendant, in order evidently to keep the case off the trial list, entered a rule to refer.　Under such circumstances it would seem but right and just to reinstate the first rule for judgment, or grant a second rule, and I know of no law, rule of court, or precedent preventing such procedure.　The fact that the case is ruled out for reference, does not prevent the court from entering judgment for want of an affidavit of defense: Act of May 14, 1874, P. L. 159.

*Error assigned* was the order of the court making absolute rule for judgment for want of a sufficient affidavit of defense.

*H. Price Graffius,* for appellant.

*J. S. Leisenring,* of *Leisenring & Walters,* for appellees.

Per Curiam, May 18, 1908 :

The plaintiff having had his first rule for judgment discharged merely in order to accelerate the trial, had done nothing to mislead the defendant. The latter then ruled the case out for arbitration. The learned judge below being of opinion that this was done, " evidently to keep the case off the trial list, " granted a second rule for judgment. It was within his discretion to do so.

Judgment affirmed.